## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO

**TIFFANY CUNDIFF**, Administrator
of the **ESTATE OF TALENT A.**
**BRADLEY**, Deceased
7799 Hills and Dales Road NW
Massillon OH 44646,

     Plaintiff,

     v.

**FRANKLIN COUNTY, OHIO**
c/o Franklin County Prosecutor
373 South High St., Suite 14
Columbus OH 43215

     and

**FRANKLIN COUNTY SHERIFF'S**
**OFFICE**
c/o Franklin County Prosecutor
373 South High St., Suite 14
Columbus OH 42315

     and

**FRANKLIN COUNTY**
**CORRECTIONS CENTER**
Attn: Administrator/Legal
370 South Front Street
Columbus OH 43215

     and

**NAPHCARE, INC.**
c/o Corporation Service Co.,
 Statutory Agent
3366 Riverside Dr., Suite 103
Upper Arlington OH 43221

     and

Case No. _____

Judge _____

## COMPLAINT

**JURY DEMAND ENDORSED**
**HEREON**

**AFFIDAVIT(S) OF MERIT,**
**ATTACHED**

1

**NAPHCARE, INC.**
Attn: Administrator/Legal
2090 Columbiana Rd, Ste 4000
Birmingham AL 35216

    and

**NAPHCARE, INC.**
Attn: Administrator
Franklin County Corrections Center
370 South Front Street
Columbus OH 43215

    and

**ARMOR CORRECTIONAL HEALTH
SERVICES, INC.**
c/o CT Corporation System, Statutory Agent
4400 Easton Commons Way, Suite 125
Columbus OH 43219

    and

**ARMOR CORRECTIONAL HEALTH
SERVICES, INC.**
Attn: Administrator/Legal
4960 SW 72nd Ave., Suite 400
Miami FL 33155

    and

**ARMOR HEALTH OF OHIO, LLC**
c/o CT Corporation System, Statutory Agent
4400 Easton Commons Way, Suite 125
Columbus OH 43219

    and

**ASHA J. KOSGEY, APRN-CNP**
Franklin County Corrections Center
370 South Front Street
Columbus OH 43215,

    and

       2

**ASHA J. KOSGEY, R.N., APRN-CNP**
8961 Patterson Loop
Reynoldsburg OH 43068,

    and

**WENDY K. SHACKLEFORD, Ed.D., LPCC**
Franklin County Corrections Center
370 South Front Street
Columbus OH 43215,

    and

**WENDY K. SHACKLEFORD, Ed.D., LPCC**
Naphcare, Inc.
2090 Columbiana Rd, Ste 4000
Birmingham AL 35216,

    and

**WENDY K. SHACKLEFORD, Ed.D., LPCC**
510 York Dale Drive
Ruskin FL 33570,

    and

**SUSAN L. OBRIEN, LPCC**
Franklin County Corrections Center
370 South Front Street
Columbus OH 43215,

    and

**SUSAN L. OBRIEN, LPCC**
Naphcare, Inc.
2090 Columbiana Rd, Ste 4000
Birmingham AL 35216,

    and

**SUSAN L. OBRIEN, LPCC**
1419 E. Larned St., Apt. 204
Detroit MI 48207,

    and

**KAHLIN A. KELLY, LPCC**
Franklin County Corrections Center
370 South Front Street
Columbus OH 43215,

  and

**KAHLIN A. KELLY, LPCC**
Naphcare, Inc.
2090 Columbiana Rd, Ste 4000
Birmingham AL 35216,

  and

**KAHLIN A. KELLY, LPCC**
3851 Mumper Road
Springfield OH 45502,

  and

**UJWALA PAGEDAR, M.D.**
Franklin County Corrections Center
370 South Front Street
Columbus OH 43215,

  and

**UJWALA PAGEDAR, M.D.**
6767 Greenspire Drive
Lewis Center OH 43035,

  and

**BENJAMIN S. LATELLE, LISW**
Franklin County Corrections Center
370 South Front Street
Columbus OH 43215,

  and

**BENJAMIN S. LATELLE, LISW**
40 South Kellner Road
Columbus OH 43209

  and

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**GABRIELLE M. POLISENO, LPCC**                    :
Franklin County Corrections Center                 :
370 South Front Street                             :
Columbus OH 43215,                                 :
                                                   :
        and                                        :
                                                   :
**GABRIELLE M. POLISENO, LPCC**                    :
2671 Beacon Court                                  :
Hilliard OH 43026,                                 :
                                                   :
        and                                        :
                                                   :
**AMY L. GARBRECHT, PSY.D.**                       :
Franklin County Corrections Center                 :
370 South Front Street                             :
Columbus OH 43215,                                 :
                                                   :
        and                                        :
                                                   :
**AMY L. GARBRECHT, PSY.D.**                       :
7506 Sunlight Loop                                 :
Plain City OH 43064,                               :
                                                   :
        and                                        :
                                                   :
**MIKAEL WHITE-DAVIS, LPC**                        :
Franklin County Corrections Center                 :
370 South Front Street                             :
Columbus OH 43215,                                 :
                                                   :
        and                                        :
                                                   :
**MIKAEL WHITE-DAVIS, LPC**                        :
Naphcare, Inc.                                     :
2090 Columbiana Rd, Ste 4000                       :
Birmingham AL 35216,                               :
                                                   :
        and                                        :
                                                   :
**DEANNA R. LITTICK, LPCC-S, MHD**                 :
Franklin County Corrections Center                 :
370 South Front Street                             :
Columbus OH 43215,                                 :
                                                   :
        and                                        :

5

**DEANNA R. LITTICK, LPCC-S, MHD**
7340 Skyline Dr., East, Apt. 201
Columbus OH 43235,

    and

**JOHN DOE CORPORATIONS #1-5**
Names and Addresses
Unknown to Plaintiff,

    and

**JOHN DOE PHYSICIANS #1-5**
Names and Addresses
Unknown to Plaintiff,

    and

**JOHN DOE NURSES #1-5**
Names and Addresses
Unknown to Plaintiff,

    and

**JOHN DOE EMPLOYEES #1-5**
Names and Addresses
Unknown to Plaintiff,

    Defendants.

---

## COMPLAINT FOR WRONGFUL DEATH AND
## VIOLATION OF CIVIL RIGHTS

---

Now comes Plaintiff Tiffany Cundiff, Administrator of the Estate of Talent Bradley, deceased by and through counsel, and for her causes of action against Defendants, hereby states as follows:

## PARTIES

1.     At all times relevant hereto, Talent Bradley was a resident of 760 Elm Street, in the City of Coshocton, Coshocton County, Ohio and was incarcerated in the Franklin County Jail.

2.     On December 27, 2021, Talent Bradley died as a result of suicide by hanging while an inmate at Defendant Franklin County Corrections Center.

3.     On November 6, 2023, Plaintiff Tiffany Cundiff was appointed Administrator of the Estate of Talent Bradley, deceased, in the Probate Court of Coshocton County, Ohio, being Case No. 20231150.  Plaintiff Tiffany Cundiff is a resident of the City of Massillion, Stark County, Ohio.

4.     Defendant Franklin County, Ohio (hereinafter "Franklin County") is a political subdivision created and authorized under the laws of the State of Ohio responsible for Defendant Franklin County Sheriff's Office and Defendant Franklin County Corrections Center (hereinafter "FCCC"). At all times relevant hereto, Defendant Franklin County established the regulations, customs, policies, and practices followed by Defendant Franklin County Sheriff's Office and Defendant FCCC and was responsible for the organization, maintenance, operation, staffing, and supervision of the jail.

5.     At all times relevant hereto, Defendant NaphCare, Inc. (hereinafter "NaphCare") was a foreign corporation, organized and existing under the laws of the State of Alabama, which contracted with Defendant Franklin County to furnish medical care to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

6.     At all times relevant hereto, Defendant Armor Correctional Health Services, Inc., (hereinafter "Armor Health") was a foreign corporation, organized and

existing under the laws of the State of Florida, which contracted with Defendant Franklin County to furnish medical care to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

7.    At all times relevant hereto, Defendant Armor Health of Ohio, LLC, (hereinafter "Armor Health") was a foreign limited liability corporation, organized and existing under the laws of the State of Florida, which contracted with Defendant Franklin County to furnish medical care to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

8.    At all times relevant hereto, Defendant Asha J. Kosgey, R.N., APRN-CNP (hereinafter "CNP Kosgey") was a licensed nurse practitioner, licensed by the State of Ohio, and was an agent and/or employee of Defendants NaphCare and/or Armor Health and/or Franklin County and was acting within the course and scope of her employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

9.    At all times relevant hereto, Defendant Wendy K. Shackleford, Ed.D., LPCC, (hereinafter "Defendant Shackleford") was a licensed professional clinical counselor, licensed by the State of Ohio, and was an agent and/or employee of Defendants NaphCare and/or Armor Health and/or Franklin County and was acting within the course and scope of her employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

10.     At all times relevant hereto, Defendant Susan L. OBrien, LPCC, (hereinafter "Defendant OBrien") was a licensed professional clinical counselor, licensed by the State of Ohio, and was an agent and/or employee of Defendants NaphCare and/or Armor Health and/or Franklin County and was acting within the course and scope of her employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

11.     At all times relevant hereto, Defendant Kahlin A. Kelly, LPCC (hereinafter "Defendant Kelly") was a licensed professional clinical counselor, licensed by the State of Ohio, and was an agent and/or employee of Defendants NaphCare and/or Armor Health and/or Franklin County and was acting within the course and scope of her employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

12.     At all times relevant hereto, Defendant Ujwala Pagedar, M.D., (hereinafter "Dr. Pagedar") was a medical doctor, licensed by the State of Ohio, and was an agent and/or employee of Defendants NaphCare and/or Armor Health and/or Franklin County and was acting within the course and scope of her employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

13.     At all times relevant hereto, Defendant Benjamin S. Latelle, LISW (hereinafter "Defendant Latelle") was a licensed independent social worker, licensed by the State of Ohio, and was an agent and/or employee of Defendants NaphCare and/or

9

Armor Health and/or Franklin County and was acting within the course and scope of his employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

14.     At all times relevant hereto, Defendant Gabrielle M. Poliseno, (hereinafter "Defendant Poliseno") was a licensed professional clinical counselor, licensed by the State of Ohio, and was an agent and/or employee of Defendants NaphCare and/or Armor Health and/or Franklin County and was acting within the course and scope of her employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

15.     At all times relevant hereto, Defendant Amy L. Garbrecht, Psy.D., (hereinafter "Defendant Garbrecht") was a licensed psychologist, licensed by the State of Ohio, and was an agent and/or employee of Defendants NaphCare and/or Armor Health and/or Franklin County and was acting within the course and scope of her employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

16.     At all times relevant hereto, Defendant MiKael White-Davis, LPC, (hereinafter "Defendant White-Davis") was a licensed professional counselor, licensed by the State of Ohio, and was an agent and/or employee of Defendants NaphCare and/or Armor Health and/or Franklin County and was acting within the course and scope of his/her employment and/or authority and under the color of state law when providing

medical care and treatment to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

17.     At all times relevant hereto, Defendant Deanna R. Littick, LPCC, (hereinafter "Defendant Littick") was a licensed professional clinical counselor, licensed by the State of Ohio, and was an agent and/or employee of Defendants NaphCare and/or Armor Health and/or Franklin County and was acting within the course and scope of her employment and/or authority and under the color of state law when providing medical care and treatment to detainees and inmates confined at Defendant FCCC, including Talent Bradley.

18.     At all times relevant herein, Defendants Franklin County, Franklin County Sheriff's Office, FCCC, NaphCare, Amor Health, and John Doe Corporations #1-5 acted through their agents and employees, including but not limited to, John Doe Physicians #1-5, John Doe Nurses #1-5, and John Doe Employees #1-5, who were within the course and scope of their express, implied, or apparent authority as agents of these Defendants.

19.     At all times relevant herein, John Doe Physicians #1-5, John Doe Nurses #1-5, and John Doe Employees #1-5 were residents of the State of Ohio and held themselves out to be employees, nurses, agents, or other personnel of Defendants Franklin County, Franklin County Sheriff's Office, FCCC, NaphCare, Armor Health, and/or John Doe Corporations #1-5.

20.     The true names and capacities of John Doe Physicians #1-5, John Doe Nurses #1-5, and John Doe Employees #1-5 are unknown to Plaintiff at this time, and Plaintiff has accordingly sued these unknown Defendants under said fictitious names. When the true names of said John Doe Physicians #1-5, John Doe Nurses #1-5, and John

11

Doe Employees #1-5 have been ascertained, Plaintiff will seek leave to amend her Complaint accordingly. Plaintiff is informed and believes that John Doe Defendants are legally responsible for the events and occurrences herein described, and that John Doe Defendants caused injuries and damages to Plaintiff's decedent, Talent Bradley.

21.     At all times relevant herein, John Doe Corporations #1-5 were professional corporations, incorporated or acting under the laws of the State of Ohio, which employed physicians, nurses, and other personnel to evaluate, care for, and treat patients of John Doe Corporations #1-5.

22.     The true names and capacities of John Doe Corporations #1-5 are unknown to the Plaintiff at this time and Plaintiff has accordingly sued these unknown Defendants under said fictitious names. When the true names of said John Doe Corporations have been ascertained, Plaintiff will seek leave to amend her Complaint accordingly. Plaintiff is informed and believes that John Doe Corporations are legally responsible for the events and occurrences described herein, and that John Doe Corporations caused injuries and damages to Plaintiff's decedent, Talent Bradley.

23.     At all times relevant herein, Defendants Franklin County, Franklin County Sheriff's Office, FCCC, NaphCare, Armor Health, and John Doe Corporations #1-5 acted through its/their agents, employees and/or independent contractors who were within the course and scope of their employment and authority including, but not limited to, the named Defendants as well as other physicians, nurses, technicians, administrators, and other caregivers.

24.     At all times relevant herein, the acts and omissions performed by employees, servants or agents of Defendants Franklin County, Franklin County Sheriff's

12

Office, FCCC, NaphCare, Armor Health, and/or John Doe Corporations #1-5 were within the scope of their express, implied or apparent authority as agents of said Defendants.

25.     Those individuals employed by Defendants Franklin County, Franklin County Sheriff's Office, FCCC, NaphCare, Armor Health, and John Doe Defendants #1-5 were acting within the course and scope of their employment and/or authority and under the color of state law.

26.     Plaintiff brings the action against Defendants John Doe Physicians #1-5, John Doe Nurses #1-5, and John Doe Employees #1-5 in both their individual and official capacities, and against Franklin County, Ohio it its official capacity, jointly and severally.

27.     Each and every act of Defendants was by and under the color of the statutes, ordinances, regulations, law, and customs of Franklin County, Ohio, and by virtue and under the authority of Defendants' employment with Franklin County, Ohio.

## JURISDICTION AND VENUE

28.     Jurisdiction is conferred on this Court by R.C. 2305.01.

29.     Pursuant to Rule 3(C)(1), (2), and (6) of the Ohio Rules of Civil Procedure, venue is proper in Franklin County, Ohio, as one or more of the Defendants reside in Franklin County or have their principal place of business in Franklin County, and Franklin County is the county in which all or part of the claim for relief arose.

## SERVICE OF PROCESS

30.     Service of process is permitted on Defendants pursuant to Civ. R. 4.2(A), (F), (G), and (L).

## COMMON FACTUAL ALLEGATIONS

31.     On August 12, 2021, Talent Bradley was booked into the Defendant Franklin County Correctional Center (FCCC). Two days later, he made his first suicide attempt by hanging. He was transferred to Grant Medical Center for evaluation, and then returned to the Defendant FCCC on August 15, 2021. Talent Bradley had no known history of mental health diagnosis or treatment prior to his incarceration.

32.     Defendant NaphCare provided medical care, including psychiatric care, to inmates at Defendant FCCC pursuant to a contract. Defendant Shackleford placed Talent Bradley on suicide watch, in the Behavioral Health Unit, upon his return to the jail. Over the next several weeks, Bradley made several other suicide attempts and complained of hallucinations, including that Lucifer was commanding him to harm himself and others. He was put on suicide watch, and taken off suicide watch, by various providers, including Defendants Kelly and OBrien, without complete evaluation.

33.     Defendant CNP Kosgey ordered psychiatric medication and only saw Talent Bradley three times between August 15, 2021, and October 1, 2021. Bradley was never seen by a psychiatrist, but there was a note that Defendant Dr. Pagedar rounded on one occasion, but she never completed a patient note.

34.     Sometime in October 2021 or early November 2021, Defendant Armor Health took over as the medical provider for Defendant FCCC. Between October 27, 2021, and October 31, 2021, Talent Bradley was seen by Defendant Latelle and Defendant Poliseno and taken off suicide watch and put back on suicide watch. Specifically, on October 27, 2021, Defendant Latelle placed Bradley on suicide watch, and then he was removed from suicide watch shortly after, by Defendant Poliseno.

35.     On November 5, 2021, Defendant Latelle saw Talent Bradley after he complained of suicidal thoughts for two days and that he was hearing voices. Defendant Latelle put him back on suicide watch, but he was not seen by any provider that could address his medication needs for his continued thoughts of suicide and hallucinations. Shortly thereafter, he was removed from suicide watch.

36.     Defendant Garbrecht, a trained psychologist, saw Talent Bradley on November 30, 2021, while he was in single housing.  She failed to properly assess a patient she was unfamiliar with and just asked him a few questions about how he was feeling.  She did not address his history of suicide attempts.

37.     On December 24, 2021, Defendant White-Davis saw Talent Bradley after he was found with a noose in his cell. She put him on suicide watch but removed him from suicide watch the very next day, Christmas Day, after consulting with the Medical Director, Defendant Littick.

38.     On December 27, 2021, Talent Bradley was found hanging in his cell. He was transferred to Grant Medical Center, where he was pronounced dead.

39.     Prior to his death, he had been on four (4) separate suicide watches, with the last one only lasting one (1) day, two (2) days before he completed suicide.

<u>**PLAINTIFF'S FIRST CAUSE OF ACTION**</u>
**[Wrongful Death]**

40.     Plaintiff incorporates by reference any and all statements and allegations contained in Paragraphs 1 through 39, as if fully rewritten in Plaintiff's First Cause of Action.

41.     The named Defendants, individually and by and through their agents and employees, fell below the accepted standard of care, skill and diligence for health care

providers, and medical provider employees in Ohio or other similar communities in their care and treatment of Plaintiff's decedent, Talent Bradley. Specifically, said Defendants, individually and by and through their doctors, nurses, aides, technicians, administrators, staff and employees failed to meet the accepted standard of care, skill, and diligence owed to Talent Bradley by: (1) failing to properly evaluate and treat a new-onset psychotic break, which is a psychiatric emergency; (2) failing to have frequent appointments required for this psychiatric condition; (3) failing to have a psychiatrist participate in the care; (4) failing to use the psychiatric medications appropriately, based on the diagnosis and symptoms; (5) failing to develop a risk management plan; and (6) failing to properly evaluate when removing a patient from suicide watch. Defendants were negligent in other respects as well.

42.     Defendants John Doe Physicians #1-5, John Doe Nurses #1-5, and John Doe Employees #1-5 fell below the accepted standards of care, skill, and diligence for physicians, nurses, employees, and other medical personnel practicing in Ohio and other similar communities in the care and treatment of Plaintiff's decedent, Talent Bradley. Specifically, said Defendants, by and through their doctors, nurses, administrators, staff and employees, failed to meet the accepted standard of care, skill, and diligence owed to Talent Bradley by: (1) failing to properly evaluate and treat a new-onset psychotic break, which is a psychiatric emergency; (2) failing to have frequent appointments required for this psychiatric condition; (3) failing to have a psychiatrist participate in the care; (4) failing to use the psychiatric medications appropriately, based on the diagnosis and symptoms; (5) failing to develop a risk management plan; and (6) failing to properly

evaluate when removing a patient from suicide watch. Defendants were negligent in other respects as well.

43.     Defendants John Doe Corporations #1-5, by and through their agents and/or employees, breached their duty of reasonable care owed to Plaintiff's decedent, Talent Bradley, and Defendants John Doe Corporations #1-5 are liable for the negligent acts and omissions of their agents, employees and/or servants. The care and treatment rendered to Plaintiff's decedent, Talent Bradley, by employees, agents, and/or servants of Defendants John Doe Corporations #1-5 fell below the accepted standards of care for physicians, nurses, and other personnel and breached their duty of care owed to Plaintiff's decedent, Talent Bradley.

44.     As a direct and proximate result of the negligence of all named Defendants, individually and by and through agents and/or employees, and their failure to meet accepted standards of care, skill, and diligence, the decedent, Talent Bradley, died wrongfully on December 27, 2021, from suicide.

45.     As a direct and proximate result of the aforementioned failures and negligence of the Defendants, individually, as well as by and through their agents and/or employees, and the resulting death of the decedent, Talent Bradley, his Estate incurred funeral expenses as well as other expenses.

46.     As a further direct and proximate result of the aforementioned failures and negligence of the Defendants, individually, as well as by and through their agents and/or employees, and the premature wrongful death of Talent Bradley, his heirs suffered severe mental anguish and emotional distress. In addition, his survivors lost the support, services, and prospective inheritance of Talent Bradley. His survivors also lost the

17

decedent's society, including loss of companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education. Talent Bradley's survivors expect to suffer continued mental anguish, emotional distress, and loss of support, services, and society indefinitely into the future.

47.     By virtue of the doctrine of *respondeat superior*, Defendants Franklin County, Franklin County Sheriff's Office, FCCC, NaphCare, Armor Health, and John Doe Corporations #1-5 are and remain liable for the decedent's death.

48.     By virtue of the doctrine of *agency by estoppel*, Defendants Franklin County, Franklin County Sheriff's Office, FCCC, NaphCare, Armor Health, and John Doe Corporations #1-5 are and remain liable for the decedent's death.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### [42 U.S.C. § 1983/Violation of Eighth Amendment]

49.     Plaintiff incorporates by reference any and all statements and allegations contained in Paragraphs 1 through 48, as if fully rewritten in this Second Cause of Action.

50.     The law is clearly established that prison officials are forbidden from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward their serious medical needs.

51.     While Plaintiff's decedent, Talent Bradley, was incarcerated at Defendant FCCC, he was experiencing severe mental illness with suicidal thoughts. His condition was either observed by or should have been obvious to Defendants, even those Defendants with no medical training. His mental health issues were not diagnosed or treated during his incarceration, and that failure resulted in serious, and ultimately fatal, injuries to Talent Bradley.

18

Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Dec 19 3:52 PM-24CV009128

52.     The Eighth Amendment to the United States Constitution requires that inmates at FCCC be provided with medical attention sufficient to have prevented the injuries sustained by Talent Bradley during his incarceration.

53.     Talent Bradley had serious medical needs evidenced by his hallucinations and repeated suicide attempts. Defendants were deliberately indifferent to Talent Bradley's serious medical needs while he was incarcerated at Defendant FCCC and failed to provide him with constitutionally required medical care. Defendants acted deliberately and recklessly in the face of an unjustifiably high risk of harm that was either known or so obvious that it should have been known.

54.     Defendants had direct and personal knowledge from which the inference could be drawn that Talent Bradley had an emergent serious mental health issue. Defendants disregarded the excessive risk to Talent Bradley's health and refused to provide him with adequate medical treatment in the face of his deteriorating condition and repeated suicide attempts and hallucinations.

55.     Defendants failed to provide necessary medication to treat Talent Bradley's medical condition, and failed to provide a safe environment, leading to completion of suicide. Defendants unnecessarily and wantonly denied Talent Bradley necessary medical treatment which would have prevented his suicide.

56.     Talent Bradley showed a strong likelihood that he would attempt to take his own life in such a manner that Defendants' failure to take adequate precautions amounted to complete indifference to Bradley's serious medical needs. Defendants were so deliberately indifferent to Talent Bradley's medical needs that they ignored a medical condition of such severity that it resulted in his death.

57.     Defendants' Constitutional obligation to provide adequate medical care to inmates was clearly established at the time of Talent Bradley's incarceration by directly applicable precedent from the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit.

58.     The acts and omissions by each Defendant, in their individual and official capacities, were performed under color of state law and subjected Talent Bradley to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and 42 U.S.C. §1988.

59.     The conduct of each Defendant was pursuant to and in execution and implementation of officially sanctioned policies, ordinances, regulations, and/or customs of Defendant Franklin County, Franklin County Sheriff's Office, and FCCC and each of the individually named Defendants.

60.     Defendants Franklin County, Franklin County Sheriff's Office, and FCCC failed to properly train and supervise employees and or agents of Franklin County working at Defendant FCCC and failed to develop and implement policies and procedures which would have afforded Talent Bradley his right to receive the necessary and adequate medical care required under the Eighth Amendment to the United States Constitution.

61.     Defendants exhibited deliberate indifference to Talent Bradley's serious medical needs in violation of the Eighth Amendment to the United States Constitution by: (1) failing to train medical personnel at FCCC to identify medical emergencies where the omitted training was in willful and wanton disregard for Talent Bradley's serious medical needs and grossly negligent and reckless; (2) failing to determine Talent

Bradley's immediate need for medical treatment and mental health care, and failing to obtain necessary medical treatment and mental health care; (3) knowingly and recklessly hiring and training medical personnel at Defendant FCCC who were not able to determine medical and mental health emergencies and which rendered them unfit to perform the necessary duties of their positions; and (4) intentionally, willfully, wantonly, recklessly, and maliciously denying medical care to an inmate who they knew needed care and treatment for a serious medical and mental health condition. Defendants exhibited deliberate indifference to Talent Bradley's serious medical needs in other ways as well.

62. Defendants' actions were taken with a malicious purpose and/or in a wanton or reckless manner.

63. As a direct and proximate result of the wrongful conduct of Defendants, as alleged herein, Talent Bradley suffered debilitating physical injuries, anxiety, fear, apprehension, serious emotional distress, and ultimately death. Defendants caused Talent Bradley's estate to incur medical bills.

### PLAINTIFF'S THIRD CAUSE OF ACTION
**[Enforcement of Custom or Policy and Failure to
Train, Supervise, or Discipline– Franklin County, Ohio, Franklin County
Sheriff's Office, and Franklin County Corrections Center]**

64. Plaintiff incorporates by reference any and all statements and allegations contained in Paragraphs 1 through 63, as if fully rewritten in this Third Cause of Action.

65. At all times relevant herein, the individually named Defendants were employees and/or agents of Defendant Franklin County assigned to Defendant FCCC and were acting under color of state law in the course and scope of their employment with Defendant Franklin County.

66. At all times relevant herein, Plaintiff's decedent, Talent Bradley, had a constitutional right to be free from cruel and unusual punishment while incarcerated at Defendant FCCC.

67. Defendants Franklin County, Franklin County Sheriff's Office, and FCCC, through the actions of Defendants John Doe Physicians #1-5, John Doe Nurses #1-5, and John Doe Employees #1-5, individually and in their official capacities, violated Talent Bradley's constitutional rights through enforcement of a county custom or policy that resulted in a failure to train, supervise, or discipline employees and/or agents regarding the avoidance of constitutional violations and the appropriate techniques for identifying and treating serious medical conditions and mental health issues.

68. At all times relevant herein, Defendants John Doe Physicians #1-5, John Doe Nurses #1-5, and John Doe Employees #1-5 were carrying out the official policy and custom of Defendants Franklin County, Franklin County Sheriff's Office, and FCCC with respect to identifying and treating serious medical conditions and mental health issues.

69. Defendants Franklin County, Franklin County Sheriff's Office, and FCCC failed to provide adequate training to its medical personnel at Defendant FCCC to identify and treat medical emergencies and mental health issues.

70. The failures by Defendants Franklin County, Franklin County Sheriff's Office, and FCCC amount to deliberate indifference to the rights of Plaintiff's decedent and were the moving force behind the Constitutional violations set forth in this Complaint.

71.     The failure to train, supervise or discipline medical personnel at Defendant FCCC by Defendants Franklin County, Franklin County Sheriff's Office and FCCC was so obvious, and the inadequacy was so likely to result in a violation of Constitutional rights, that Defendants Franklin County, Franklin County Sheriff's Office, and FCCC can reasonably said to have been deliberately indifferent, by and through its/their employees and/or agents, to the need for such training, supervision, or discipline.

72.     The failure to train, supervise or discipline medical personnel at Defendant FCCC proximately caused the constitutional violations set forth in the Complaint. These violations would not have occurred if Defendants Franklin County, Franklin County Sheriff's Office, and FCCC had provided adequate training, supervision, or discipline.

73.     As a direct and proximate result of the acts or omissions of Defendants Franklin County, Franklin County Sheriff's Office, and FCCC, by and through its/their employees and/or agents, Defendants John Doe Physicians #1-5, John Doe Nurses #1-5, and John Doe Employees #1-5, Plaintiff's decedent, Talent Bradley suffered serious physical and mental injuries and wrongful death.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory, consequential, incidental, and special and medical damages in the amount greater than Twenty-Five Thousand Dollars ($25,000.00) and punitive

damages in an amount to be determined, together with the attorney fees and costs herein

expended, and such other relief as may be just and appropriate in this case.

Respectfully submitted,

*/s/ David I. Shroyer*
David I. Shroyer (0024099)
Tyler B. Shroyer (0093838)
Colley Shroyer & Abraham Co., LPA
536 South High Street
Columbus, Ohio 43215
Tele: (614) 228-6453 | Fax: (614) 228-7122
Email: dshroyer@csajustice.com
       tshroyer@csajustice.com
*Trial Counsel for Plaintiff*

*and*

*/s/ Jay G. Perez*
Jay G. Perez (0067619)
Jay Perez Law
5930 Venture Dr., Suite D
Dublin OH 43017
Tele: (614) 515-4950
Fax: (614) 386-1998
Email: jay@jayperezlaw.com
*Co-Counsel for Plaintiff*

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and demands a trial by jury as to all

issues triable thereto.

*/s/ David I. Shroyer*
David I. Shroyer (0024099)
*Trial Counsel for Plaintiff*

## AFFIDAVIT OF MERIT

COUNTY OF _____ )
                                                     ) SS
STATE OF TEXAS                      )

      The Affiant, Barry J. Mills, M.D., Ph.D., being above the age of 18 and of sound mind, after being duly sworn and cautioned, states that he/she has personal knowledge of the following:

1.       I am a physician, licensed to practice medicine in the State of Texas, with a specialty in psychiatry. I spend in excess of 50% of my professional time in the active clinical practice of medicine and/or its instruction.

2.       I have reviewed all the medical records reasonably available to me concerning the allegations contained in the Complaint.

3.       I am familiar with the applicable standard of care.

4.       It is my opinion that the standard of care was breached by *Asha J. Kosgey, APRN-CNP, Wendy K. Shackleford, Ed.D., LPCC, Susan L. Obrien, LPCC, Kahlin A. Kelly, LPCC, Ujwala Pagedar, M.D., Benjamin S. Latelle, LISW, Gabrielle M. Poliseno, LPCC, Mikael White-Davis, LPC, Deanna R. Littick, LPCC-S, MHD, Amy L. Garbrecht, Psy.D.,* and other employees and/or agents of *Franklin County, Ohio, Franklin County Sheriff's Department, Franklin County Corrections Center, NaphCare, Inc., Armor Correctional Health Services, Inc., Armor Health of Ohio, LLC,* and other related corporations, including, but not limited to physicians, residents, nursing personnel, respiratory therapists, aides or technicians, and that the breach caused injury and damages to Talent Bradley, resulting in his death.

5       Affiant reserves the right to review any and all additional documentation that may become available in the future and to amend the opinions made herein.

Further affiant sayeth naught.

_____
Barry J. Mills, M.D., Ph.D.

Sworn to before me and subscribed in my presence this *20* day of
*December* _____ 2023.

_____
NOTARY PUBLIC

ANGELA JACQUELINE MILLS
Notary ID #131530752
My Commission Expires
April 16, 2026

## AFFIDAVIT OF MERIT

COUNTY OF Thurston ____ )
                              ) SS
STATE OF WASHINGTON        )

The Affiant, Ryan D. Herrington, M.D., being above the age of 18 and of sound mind, after being duly sworn and cautioned, states that he/she has personal knowledge of the following:

1.  I am a physician, licensed to practice medicine in the State of Washington, with specialties in public health and addiction medicine. I spend in excess of 50% of my professional time in the active clinical practice of medicine and/or its instruction.

2.  I have reviewed all the medical records reasonably available to me concerning the allegations contained in the Complaint.

3.  I am familiar with the applicable standard of care.

4.  It is my opinion that the standard of care was breached by *Asha J. Koogey, APRN-CNP, Wendy K. Shackleford, Ed.D., LPCC, Susan L. Obrien, LPCC, Kahlin A. Kelly, LPCC, Ujwala Pagedar, M.D., Benjamin S. Latelle, LISW, Gabrielle M. Pohseno, LPCC, Mikael White-Davis, LPC, Deanna R. Littick, LPCC-S, MHD,* and other employees and/or agents of *Franklin County, Ohio, Franklin County Sheriff's Department, Franklin County Corrections Center, NaphCare, Inc., Armor Correctional Health Services, Inc., Armor Health of Ohio, LLC* and other related corporations, including, but not limited to physicians, residents, nursing personnel, respiratory therapists, aides or technicians, and that the breach caused injury and damages to Talent Bradley, resulting in his death.

5.  Affiant reserves the right to review any and all additional documentation that may become available in the future and to amend the opinions made herein.

Further affiant sayeth naught.

_____
Ryan D. Herrington, M.D.

Sworn to before me and subscribed in my presence this 30th day of November 2023.

TAYLOR SEAMAN
Notary Public
State of Washington
Commission # NOT2302834
My Comm. Expires Apr 13, 2027

_____
NOTARY PUBLIC