**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TIFFANY CUNDIFF,**

      **Plaintiff,**

            **Case No. 2:24-cv-289**

      v.

            **JUDGE DOUGLAS R. COLE**

**FRANKLIN COUNTY, OHIO, et al.,**

      **Defendants.**

## OPINION AND ORDER

Despite being validly served, Defendant Armor Correctional Health Services, Inc. (Armor Correctional), never answered or moved in response to the Amended Complaint (or the original Complaint) in this action. When the Court, through the then-assigned judge, inquired as to why that was so, (Doc. 25), Armor Correctional's counsel responded by moving to withdraw, (Doc. 34). The Court granted that motion, (Doc. 36), but Armor Correctional never obtained new counsel. That remained true even though the Court repeatedly ordered Armor Correctional to do so and warned it of the consequences of failure to comply. (*See, e.g.*, Doc. 37). When Armor Correctional did not heed those warnings, the Court ordered the Clerk to enter default against Defendant, (Doc. 39), which the Clerk did, (Doc. 40). Presently, Plaintiff Tiffany Cundiff asks the Court to enter default judgment against Armor Correctional in an amount to be established at an evidentiary hearing, which she also requests. (Doc. 41). As explained below, the Court **GRANTS** Plaintiff's Motion for Default Judgment Against Defendant Armor Correctional Health Services, Inc. (Doc. 41), and will set a hearing in this matter to determine damages.

## BACKGROUND[1]

This case begins with a tragedy—Talent Bradley died by suicide on December 27, 2021, while he was incarcerated as a pretrial detainee at the Franklin County Correctional Center (FCCC). (Am. Compl., Doc. 6, #132, 139–41). Plaintiff Tiffany Cundiff, who is the Administrator of Bradley's estate, sued several institutional and individual defendants alleging violations of Bradley's constitutional rights under 42 U.S.C. § 1983 and also pressing a state-law wrongful death claim. (*See id.* at #133–38, 141–49). But only a single Defendant—Armor Correctional—concerns the Court today.[2] Armor Correctional and co-Defendant Armor Health of Ohio, LLC (Armor Health), took over medical and psychiatric services at FCCC on October 18, 2021, while Bradley was detained there. (Doc. 42, #406). Cundiff asserts two claims against Armor Correctional for its role in Bradley's death. First, a state-common-law wrongful death action under the doctrines of respondeat superior and agency by estoppel. (Doc. 6, #141–44). Second, a § 1983 deliberate indifference claim.[3] (*Id.* at #144–47).

---

[1] When considering a motion for a default judgment, the Court accepts as true all well-pleaded allegations except those relating to the amount of damages. *See In re Cook*, 342 B.R. 384, 2006 WL 908600, at *3 (B.A.P. 6th Cir Apr. 3, 2006) (Table). Accordingly, the Court's summary of the factual background rests on the allegations in Amended Complaint, (Doc. 6), and as previously recounted in the Court's March 19, 2025, Opinion and Order, (Doc. 42).

[2] However, as noted in the Court's previous Opinion and Order, the Amended Complaint does not distinguish between Armor Correctional and another Defendant, Armor Health of Ohio, LLC, when detailing the factual allegations. (Doc. 42, #406; *see* Doc. 6, #133 (referring to both as "Armor Health")).

[3] As the Court previously noted, deliberate indifference claims relating to pretrial detainees arise under the Fourteenth Amendment's Due Process Clause. (Doc. 42, #408 n.1). So while Cundiff asserted an Eighth Amendment deliberate indifference claim (which is valid for convicted prisoners), the Court construes her claim as arising under the Fourteenth Amendment because Bradley was a pretrial detainee. (*Id.*).

2

Cundiff initiated this suit in the Franklin County Court of Common Pleas on December 21, 2023. (*See* Compl., Doc. 2). But on January 24, 2024, Defendant NaphCare, Inc., removed the case to this Court under 28 U.S.C. §§ 1331 and 1446. (Doc. 1). At that time, both Armor Correctional and Armor Health shared an attorney. (First Show Cause Order, Doc. 25, #342). Indeed, the two Armor Defendants had obtained a joint stipulated extension of time to move or plead in state court, suggesting that Armor Correctional had been validly served.[4] (Doc. 1-4). But while Armor Health answered the Amended Complaint, (Doc. 9), Armor Correctional never did. So, almost a year after this case was removed, the Court ordered counsel for Armor Correctional (who was also Armor Health's attorney) to file a notice regarding Armor Correctional's status. (Doc. 25, #342).

Counsel responded shortly thereafter that Armor Correctional had been included in the aforementioned joint stipulated extension only "out of an abundance of caution" because, at the time, it was "still uncertain which entities were proper parties." (Doc. 29, #368). Accordingly, counsel averred that he would "not be representing Armor Correctional" and intended to file a motion to withdraw as counsel. (*Id.*). Three weeks later, counsel for Armor Health indeed filed that motion, informing the Court that going forward he "would only represent Armor Health of Ohio, LLC." (Doc. 34, #387). He also advised that, while he had informed all other counsel of his intent to withdraw, he did "not have contact with Armor Correctional Services, Inc." (*Id.*).

---

[4] Proof of service was filed on the state court docket. (*See* 12/27/23 Docket Entry, *Cundiff v. Franklin Cnty., Ohio*, No. 23-cv-9128 (Franklin Cnty. Ct. Com. Pl. 2023)).

The Court granted the motion to withdraw and ordered Armor Correctional to obtain new counsel within thirty days, as "a corporation may appear in federal courts only through licensed counsel." (Doc. 36, #393 (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)). But Armor Correctional declined to do so. So the Court ordered it to show cause why default should not be entered against it for failure to defend under Federal Rule of Civil Procedure 55(a). (Order, Doc. 37, #394). The Court gave Armor Correctional five days to comply and warned it that failure to do so would result in the Court directing the Clerk to enter default against it. (*Id.*). Once again, Armor Correctional did not listen.

A potential explanation for its failure to respond became apparent on February 25, 2025, when the Court received notice from Daniel J. Stermer—the "Assignee for the benefit of creditors of the estate of ... Armor Correctional Health Services, Inc (the 'Assignor')." (Doc. 38, #395). In that petition, Stermer advised the Court that "all property of [Armor Correctional], both real and personal, became subject to the jurisdiction of the Miami-Dade Circuit Court ... pursuant to the provisions of Chapter 727, Florida Statutes."[5] (*Id.*). And under Florida Statute § 727.105, Stermer says that "proceedings may not be commenced against the Assignee except as provided in Chapter 727, Florida Statutes, but nothing in such Chapter affects any action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." (*Id.*). Finally, Stermer noted that "except in the case of a

---

[5] Case number 2023-024558-CA-01, filed on October 11, 2023. (Doc. 38. #95).

consensual lienholder enforcing its rights in personal property or real property collateral, there shall be no levy, execution, attachment, or the like in respect of any judgment against assets of the Estate in the possession, custody, or control of the Assignee." (*Id.*).

The Court found this filing failed to comply with the Second Show Cause Order and directed the Clerk to enter default against Armor Correctional. (Doc. 39, #397–98). In the same Order, the Court ordered Plaintiff to file a motion for default judgment (if it intended to so file) within seven days of the Order or else the Court would dismiss her claims against Armor Correctional for failure to prosecute. (*Id.* at #398). The Clerk entered default against Armor Correctional on the same day. (Doc. 40). Cundiff, for her part, moved for default judgment against Armor Correctional one week later on March 11, 2025. (Doc. 41).

In the intervening time period, the Court issued an Opinion and Order resolving the other Defendants' motions for judgment on the pleadings. (Doc. 42).[6] Relevant here, the Court granted in part and denied in part Armor Health's Motion for Judgment on the Pleadings (Doc. 13), dismissing Cundiff's § 1983 deliberate indifference claim against Armor Health, but allowing the wrongful death claim to proceed. (Doc. 42, #428–29). Regarding the deliberate indifference claim, the Court explained that Cundiff made no argument to support an agency by estoppel theory,

---

[6] In the Conclusion of the Court's March 19, 2025, Opinion and Order, the Court incorrectly noted that it "**DENIE[D]** Plaintiff's Motion for Default Judgment Against Armor Correctional Health Services, Inc. (ECF No. 41.)." (Doc. 42, #428). This was simply a scrivener's error and the Court clarified that it had not yet ruled on that motion at the time. (Doc. 43).

nor could Armor Health be liable under a respondeat superior theory. (*Id.* at #416–17). But for the wrongful death claim, the Court found that Cundiff had sufficiently pleaded all elements under Ohio law. (*Id.* at #422–24). With that previous decision in mind, the Court now turns to Cundiff's motion for default judgment against Armor Correctional.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides a two-step procedure for default judgments. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default. *Id.* And at that point, the complaint's factual allegations concerning liability, but not damages, are taken as true. *Beaver v. Eastland Mall Holdings, LLC*, No. 2:20-cv-485, 2021 WL 1084610, at *2 (S.D. Ohio Mar. 22, 2021); *see also* Fed. R. Civ. P. 8(b)(6). Next, unless the claim "is for a sum certain or a sum that can be made certain by computation," the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

Before granting default judgment, a court must satisfy itself of two things. First, the court must verify that it has both subject-matter jurisdiction over the action and personal jurisdiction over any defendant against whom it grants a default judgment. *See Am. Clothing Express, Inc. v. Cloudflare, Inc.*, No. 2:20-cv-2007, 2022 WL 256337, at *1 (W.D. Tenn. Jan. 26, 2022). Second, the court must determine whether the facts in the complaint state a claim for relief against the

6

defendant. *See Harrison v. Bailey*, 107 F.3d 870 (Table), 1997 WL 49955, at \*1 (6th Cir. Feb. 6, 1997) ("Default judgments would not have been proper due to the failure to state a claim against these defendants."). Said differently, to warrant default judgment, "the complaint must be able to survive a Rule 12(b)(6) motion to dismiss." *Buxton v. Hartin Asset Mgmt., LLC*, No. 1:22-cv-600, 2023 WL 4861724, at \*6 (W.D. Mich. July 31, 2023) (quotation omitted).

Assuming there is jurisdiction and a plausible claim, a court then "must conduct an inquiry" to establish the appropriate damages. *Beaver*, 2021 WL 1084610, at \*2 (quotation omitted). To do that, the court may either hold an evidentiary hearing, Fed. R. Civ. P. 55(b)(2), or it may determine damages without a hearing "if the damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," *Beaver*, 2021 WL 1084610, at \*2 (quotation omitted).

## LAW AND ANALYSIS

The Court has jurisdiction over Armor Correctional and Cundiff has plausibly stated a wrongful death claim (but not a deliberate indifference claim) against Armor Correctional. So the Court enters default judgment here.

### A. The Court Has Jurisdiction.

The Court has jurisdiction—both subject-matter jurisdiction over the claims and personal jurisdiction over Armor Correctional. Start with the former. Cundiff asserts a deliberate indifference claim rooted in the Fourteenth Amendment of the United States Constitution, as well as a state-common-law wrongful death claim

against Armor Correctional. (Doc. 6, #141–47). As to the constitutional claim, the Court has federal question jurisdiction over that claim under 28 U.S.C. § 1331. And the Court exercises supplemental jurisdiction over the state-law wrongful death claim. 28 U.S.C. § 1367(a).

Consider personal jurisdiction next, which assesses whether a party has sufficient contacts with the forum state so that a Court in the forum comports with due process requirements when presiding over the party. "Personal jurisdiction under the Constitution comes in two flavors: (1) general personal jurisdiction (i.e., jurisdiction independent of whether the cause of action arises out of the defendant's contacts with the forum state), and (2) specific jurisdiction (i.e., jurisdiction over a cause of action that arises out of a defendant's contacts with the forum state)." *Baker v. Bensalz Prods., Inc.*, 480 F. Supp. 3d 792, 801 (S.D. Ohio 2020) (citing *Third Nat'l Bank in Nashville v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). A court can assert general personal jurisdiction over corporation that is "at home in the forum state," which typically means either that corporation's principal place of business is in the forum state or that the corporation is incorporated under the laws of that state. *Id.* at 801–02.

As for specific personal jurisdiction, the Sixth Circuit uses a three-part test to determine whether sufficient contacts exist: "(1) the defendant must have purposefully availed himself of the privilege of acting in the forum state or purposefully caused a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the defendant's acts or

consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Id.* at 803. As to the first prong, purposeful availment occurs "where the defendant 'deliberately' has engaged in significant activities within a State … or has created 'continuing obligations' between himself and residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985) (citations omitted). Turning to the second, there are competing theories as to what it means for a cause of action to arise from a defendant's activities, but so long as the cause of action has a "substantial connection with the defendant's in-state activities," courts typically find this prong is met. *See Baker*, 480 F. Supp. 3d at 805–06 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 384 n.27 (6th Cir. 1968)). Finally, in assessing reasonableness, courts typically consider five factors: "(1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the States in furthering fundamental substantive social policies." *Auto Place, LLC v. Cargill*, No. 1:19-cv-130, 2020 WL 1694996, at *5 (S.D. Ohio Apr. 7, 2020) (citing *Burger King*, 471 U.S. at 477).

In performing the jurisdictional inquiry, another rule also comes into play: "Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments." *Harbold v. Smash Restro & Bar, LLC*, No. 5:22-cv-1583,

9

2023 WL 4085309, at *2 (N.D. Ohio June 20, 2023). Based on the allegations in the Amended Complaint, Armor Correctional is a Florida corporation that contracted with Franklin County to provide medical care to detainees and inmates at FCCC. (Doc. 6, #133); *see also* Florida Dep't of State, Div of Corps., *Search for Corporations: ARMOR CORRECTIONAL HEALTH SERVICES, INC.* [https://perma.cc/KS98-WBSF]. Armor Correctional began providing its services at FCCC on October 18, 2021, while Bradley was detained there. (Doc. 42, #416).

Since no facts suggest Armor Correctional is "at home" in Ohio for purposes of general personal jurisdiction, the Court instead assesses whether it has specific personal jurisdiction over Armor Correctional. On that front, based on the allegations, it is clear the Court has specific jurisdiction over Armor Correctional. First, Armor Correctional deliberately engages in activities in Ohio, and has continuing obligations here, because it started providing medical care to detainees and inmates at FCCC starting in 2021. Second, because Bradley died at FCCC while Armor Correctional was providing services there, Cundiff's claims against Armor Correctional bear a substantial enough connection to Armor Correctional's activities to confer specific personal jurisdiction. Finally, the Court finds that it is reasonable to exercise jurisdiction over Armor Correctional here. Sure, Armor Correctional, as an out-of-state defendant, has some burden in litigating in Ohio, but given that it likely shares a connection with co-Defendant Armor Health (an Ohio LLC), and because it provides services at FCCC, the Court finds that burden is only slight. Additionally, Cundiff has an interest in obtaining convenient and effective relief in

Ohio since Bradley's death occurred at FCCC and because he was an Ohio citizen. (Doc. 6, #132). Cundiff is also an Ohio resident. (*Id.* at #133). As to the interstate judicial system's interest in efficient resolution, again, resolving this case in Ohio makes the most sense as it is where all of the events in this action took place. Accordingly, the Court finds it has specific personal jurisdiction over Armor Correctional.

**B.    Consistent with the Court's Previous Ruling, Cundiff Plausibly Alleged that Armor Correctional Is Liable, but Only for the Wrongful Death Claim.**

Before entering default judgment, the Court must also determine whether Cundiff has stated a claim for relief against Armor Correctional. *Harrison*, 1997 WL 49955, at *1. While the Court's March 19, 2025, Opinion and Order expressly treated Armor Correctional and Armor Health "separately," it also noted that Cundiff "makes all her allegations against Armor Correctional and Armor Health collectively." (Doc. 42, #406). As a result, the Court's previous analysis of Cundiff's two claims against Armor Health applies equally to the two claims asserted against Armor Correctional.

That means that Cundiff's deliberate indifference claim against Armor Correctional fails as a matter of law. (*See id.* at #416–17). But it also means that Cundiff's state-law wrongful death claim—which is based on allegations that Armor Correctional and its employees failed to properly evaluate and treat Bradley— sufficiently states a claim for relief. (*See id.* at #421–24).

**C.** **The Court Will Set a Hearing to Determine Damages.**

Because the Court has jurisdiction and Cundiff has plausibly alleged a state-law wrongful death claim, the Court will enter default judgment against Armor Correctional. To enter judgment, though, the Court must assess damages. But Cundiff has not provided the Court with any documentary evidence or affidavits necessary to make such an evaluation. Rather, Cundiff asks the Court to set the matter for a hearing on the issue. (Doc. 41, #402). Since the Court may do so, *see* Fed. R. Civ. P. 55(b)(2), and has no other means of ascertaining the amount of damages attributable to Armor Correctional at this time, the Court will set the requested hearing.

### CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Default Judgment Against Defendant Armor Correctional Health Services, Inc. (Doc. 41). The Court will set a hearing on the matter of damages and then enter judgment accordingly.

**SO ORDERED.**

July 16, 2025
 **DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

12