IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIFFANY CUNDIFF,**

    **Plaintiff,**

                                                                                                      Civil Action 2:24-cv-0289
                                                                                                     Judge Edmund A. Sargus, Jr.
    v.                                                                                      Magistrate Judge Elizabeth P. Deavers

**FRANKLIN COUNTY, OHIO,** *et al.*,

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Modify Scheduling Order[1] and for Leave to File Second Amended Complaint. (Mot., ECF No. 59.) Defendant Franklin County Board of Commissioners ("BOC") filed a Memorandum in Opposition. (Resp., ECF No. 63.) Plaintiff did not file a reply. This matter is ripe for judicial review. For the following reasons, Plaintiff's Motion (ECF No. 59) is **DENIED**.

    **I.**        **BACKGROUND**

The Court has previously discussed the procedural history and factual allegations underlying this lawsuit. (ECF No. 42.) The Court hereby incorporates that discussion by reference and will only discuss the relevant facts here as necessary. On May 6, 2024, the Court issued a Preliminary Pretrial Order, which set the deadline to file motions to amend the pleadings as June 21, 2024. (ECF No. 18.) Since then, the parties have sought and received two extensions to the discovery, dispositive motions, and/or expert deadlines. (ECF Nos. 48, 49, 67,

---

[1] Plaintiff seeks a modification of the expert reports deadline. (Mot. at PageID 465.) Plaintiff does not indicate Defendants' position on her request. Plaintiff's request is **DENIED without prejudice**.

68.) On March 19, 2025, the Court issued rulings on the Motions for Judgment on the Pleadings ("O&O"). (ECF No. 42.) The Court permitted the following to proceed: Count I, a wrongful death claim against Armor Health Defendants[2]; Count II, a deliberate indifference claim against Defendants Garbrecht, Kosgey, Latelle, Littick, and White-Davis; and Count III, a *Monell* claim against Defendant BOC. (*Id.* at PageID 428–29.) The Court construed Plaintiff's Count II as arising under the Fourteenth Amendment instead of under the Eighth Amendment, as Plaintiff had pled. (*Id.* at 408, 411–12.)

On July 16, 2025, Plaintiff filed her Motion to Modify Scheduling Order and for Leave to File Second Amended Complaint, over a year past the amendment deadline and four months after the O&O. She proposes the following:

> The proposed Second Amended Complaint (SAC) . . . deletes the parties whose Motions for Judgment on the Pleadings were granted. The SAC fixes typographical errors, such as the misspelling of Massillon, and addresses substantive issues identified or mentioned in the Opinion and Order on the Motions for Judgment on the Pleadings: The Fourteenth Amendment's Due Process Clause and standards under the Clause are substituted for the Eighth Amendment and its standards; Defendants Armor Correctional Health Services, Inc. and Armor Health of Ohio, LLC are joined with Franklin County in the Third Cause of Action, the claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); facts are added on inadequate staffing by the Armor defendants and their relationship to each other; past jail suicides were detailed; Defendant Armor Health of Ohio is alleged to have had access to Talent A. Bradley's medical records; and an allegation of reckless or conscious disregard replaced one of negligence and was amplified.

(Mot. at PageID 458–59.)

---

[2] The term "Armor Health Defendants' is defined the same as in the Court's O&O. (ECF No. 42.) Plaintiff recently entered a stipulation of dismissal with regards to Armor Correctional Health Services, Inc. (ECF No. 66.)

## II.     STANDARD OF REVIEW

When a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4). *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will consider whether amendment is proper under Rule 15(a)." *Commerce Benefits Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (cleaned up); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16, the Court will modify a case scheduling order "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (quoting the 1983 advisory committee notes to Fed. R. Civ. P. 16). Finally, the Court must also consider "potential prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. Even if an amendment would not

3

prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15. *Commerce*, 326 F. App'x at 376. Rule 15 provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotation marks and citation omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)(2)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *see also Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III. ANALYSIS

The Court finds that Plaintiff fails to demonstrate good cause pursuant to Rule 16(b)(4). The key inquiry is whether the party was diligent in its efforts to timely file the proposed amendment. The entirety of Plaintiff's argument regarding diligence is as follows: Plaintiff argues that the fact she "more clearly appreciated the relevant facts and legal standards after the

4

Opinion and Order does not reflect a lack of diligence." (Mot. at PageID 465.) Defendant BOC responds that Plaintiff does not demonstrate due diligence and her reasoning for not moving to amend until after the Court's O&O undercuts her diligence claim. (Resp. at PageID 507–12.) Defendant BOC further contends that the Court should not consider the O&O as "the good cause catalyst for [Plaintiff's] recent need to file a second amended complaint," but if it does, Plaintiff still fails to explain the four-month delay in filing her Motion. (*Id.* at 508–09.)

Plaintiff provides no argument that she was diligent in attempting to meet the Court's deadline and no argument that despite her diligence, she could not reasonably meet the deadline. Instead, she appears to implicitly argue that good cause exists because the Court's O&O "triggered" Plaintiff's investigation and therefore it was not possible for her to meet the Court's amendment deadline, as the O&O was issued after the deadline passed. (Mot. at PageID 461, 464.) The Court is not persuaded that Plaintiff's "evolving appreciation" of the existing facts and well-established law constitutes due diligence. As Defendant BOC notes, the requirements and applicability of *respondeat superior* liability and *Monell* claims are well established, and Plaintiff provides no argument that the factual allegations she seeks to add are based on information obtained after the deadline. (Resp. at PageID 509.) The Court notes the "general rule is that '[a]ttorney neglect or inadvertence will not constitute good cause supporting modification.'" *Wheeler v. Ward*, No. 3:19-cv-00059, 2020 WL 1442904, at * 9 (W.D. Ky. Mar. 24, 2020) (quoting *State Farm Mut. Auto. Ins. Co. v. Nat'l Gen. Ins. Co.*, No. 1:15-cv-1314, 2017 WL 5197609, at *4 (W.D. Mich. Feb. 9, 2017) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.2 (3d ed. August 2019 update))); *see also Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 537 (6th Cir. 2008) (the excuse of "delayed appreciation of the relevant law" or a "misconception of the law" undermines a claim of good

cause) (citation and quotation omitted). Even if the Court accepts Plaintiff's premise that she could not reasonably amend before the Court issued its O&O, she still fails to demonstrate diligence during the four-month period between the O&O and her Motion.

Although Plaintiff's lack of diligence is dispositive, the Court further notes that granting the relief requested could result in prejudice to Defendant BOC. Plaintiff argues that the Court "must also find 'at least some significant showing of prejudice to the opponent.'" (Mot. at PageID 463, citing *Leary*, 349 F.3d at 907 (cleaned up) (citation and quotation omitted).) Plaintiff claims "that showing is simply absent at bar," this case is at "an early stage," and her proposed amendment is "not quite different" from her operative complaint. (*Id.* at PageID 463–64.) Defendant BOC responds that the amendment would prejudice it by requiring Defendant BOC to expend the time, resources, and expense to relitigate issues it contends are resolved. (Resp. at PageID 513–14.)

As an initial matter, Plaintiff argues under the wrong standard. *See Korn*, 382 F. App'x at 450 (finding that even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline); *Wagner*, 2011 WL 124226, at *4 ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause."). Second, the Court finds it likely that Defendant BOC would have to engage in additional discovery if the Court permitted the proposed amendment. Just by way of example, Plaintiff's proposed amendment includes allegations that Defendant BOC knew or should have known of Armor Health Defendants' notoriety. (*Compare* ECF No. 6, at PageID 147–48, *with* ECF No. 59-1, at PageID 482–85.) In sum, Plaintiff fails to demonstrate good cause pursuant to Rule 16(b)(4).

The Court need not address whether leave to amend is appropriate under Rule 15(a). *United States ex rel. Martin Marietta Materials, Inc. v. Nelson, Inc.*, 286 F.R.D. 327, 331 (W.D. Tenn. 2012) ("Because the court finds no good cause to amend the scheduling order under Rule 16(b), it will not address whether leave to amend is appropriate under Rule 15(a)."); *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 456 (S.D. Ohio 2012) (stating that the court "need not address" whether the moving party satisfied the requirements of Rule 15(a) when she had not shown good cause under Rule 16(b)).

Accordingly, Plaintiff's Motion (ECF No. 59) is **DENIED** for failure to demonstrate good cause pursuant to Rule 16(b).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Modify Scheduling Order and for Leave to File Second Amended Complaint is **DENIED**.  (ECF No. 59.)

**IT IS SO ORDERED.**

Date: October 14, 2025                    /s/ *Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **UNITED STATES MAGISTRATE JUDGE**